**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| PHILLIP D. MEYERS and BARBARA J. MEYERS, | )<br>)<br>) |
| Plaintiffs, | ) No. 2:10-cv-00354-DCN<br>)<br>) |
| vs. | )<br>) **ORDER** |
| MOTORYACHT ENTERPRISES, INC., d/b/a HARBORSIDE YACHT CENTER, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

This matter is before the court on plaintiffs' motion for partial summary judgment on their causes of action for negligence and breach of the warranty of workmanlike performance. Plaintiffs filed an amended complaint on April 11, 2011, asserting jurisdiction under 28 U.S.C. §§ 1332, 1333, and 1367. Plaintiffs thereafter filed the instant motion on October 7, 2011. The court held a hearing on January 11, 2012.

**I.   DISCUSSION**

After consideration of the parties' briefs and contentions at oral argument, the court finds that a genuine issue of material fact exists as to whether Captain Lanzillotti acted as defendant Harborside Yacht Center's agent for purposes of transporting plaintiffs' vessel from Wisconsin to Florida. As such, the court denies plaintiffs' motion for partial summary judgment.

1

The court further holds that this case will proceed to a jury trial. The Seventh Amendment guarantees a jury trial in cases at law. However, for cases in admiralty, the Constitution neither guarantees nor prohibits jury trials, and it similarly does not guarantee a plaintiff's "right" to a non-jury trial. See Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 152-53 (4th Cir. 1995). It is traditional for courts sitting in admiralty to try the case without a jury. See Fitzgerald v. U.S. Lines Co., 374 U.S. 16, 17 (1963).

A plaintiff with claims cognizable in admiralty and at law may bring her claims: (1) in federal court under admiralty jurisdiction; (2) in federal court under diversity jurisdiction; or (3) at law in state court. See Luera v. M/V Alberta, 635 F.3d 181, 188 (5th Cir. 2011); In re Lockheed Martin Corp., 503 F.3d 351, 354-55 (4th Cir. 2007). The first option is exercised by invoking the district court's admiralty jurisdiction under Federal Rule of Civil Procedure 9(h): "[I]f the pleading shows that both admiralty and another basis of federal subject matter jurisdiction exist, the suit will be treated as an admiralty claim for purposes [Rule 9(h)] only if the pleading or count setting forth the matter contains a statement identifying the claim as an admiralty or maritime claim." 5A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 1313 (3d ed. 2004). Under the second option, when claims in admiralty are combined with claims at law and the party does not make a Rule 9(h) declaration, "the Supreme Court has adopted the pragmatic procedural rule that both the admiralty claim and the law claim be

decided by the jury." Vodusek, 71 F.3d at 153. The third option is exercised under the saving to suitors clause of 28 U.S.C. § 1333.

The second option has been exercised in this case. Plaintiffs' negligence cause of action is cognizable under maritime tort jurisdiction, and plaintiffs also have a proper basis for diversity jurisdiction. Although the original complaint included a Rule 9(h) declaration, plaintiffs later amended their complaint to assert jurisdiction under 28 U.S.C. §§ 1332, 1333, and 1367, and made an explicit jury demand. Because plaintiffs have raised a claim within both the court's admiralty jurisdiction and diversity jurisdiction, they were required to make a Rule 9(h) designation if they wanted to try this claim without a jury. See Muhs v. River Rats, Inc., 586 F. Supp. 2d 1364, 1371 (S.D. Ga. 2008) (citations omitted) ("If in an admiralty case, there is a separate and independent basis for federal jurisdiction supporting a claim for damages at law, the court must honor a demand for a jury trial. This is true so long as the plaintiff does not describe his claim as an admiralty claim under Federal Rule of Civil Procedure 9(h).").

When it is unclear whether a party made a Rule 9(h) declaration, courts examine the totality of the circumstances, as demonstrated by the party's pleadings and actions. See Wingerter v. Chester Quarry Co., 185 F.3d 657, 666 (7th Cir. 1998). Plaintiffs' amended complaint clearly states, "JURY TRIAL DEMANDED," and alleges "claims between parties of diverse citizenship which exceed $75,000." The court must yield to plaintiffs' election to proceed at law.[1]

---

[1] Although plaintiffs' admiralty claim will be tried "at law," the claim will nonetheless remain an admiralty claim governed by substantive admiralty law. In re Lockheed Martin Corp., 503 F.3d at 356.

## II.   CONCLUSION

Based on the foregoing, the court **DENIES** plaintiffs' motion for partial summary judgment and holds that this case will proceed to a jury trial.[2]

  **AND IT IS SO ORDERED**.

                  _____
                  **DAVID C. NORTON**
                  **UNITED STATES DISTRICT JUDGE**

**January 13, 2012**
**Charleston, South Carolina**

---

[2] This case will be scheduled for jury selection on February 28, 2011, and set for a trial date in May 2011.